```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                   CRIMINAL NO. 1:97cr24-Br-R

WILLIE LOVE
 a/k/a Florida Jody
 a/k/a Dallas Isham

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Willie Love's ("Love" or "petitioner") Petition for Writ of Mandamus [docket no. 30]. Having reviewed the Petition, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

## FACTS

On June 26, 1997, the petitioner was indicted on a charge of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). In September of the following year, Love pleaded guilty to that charge pursuant to a written agreement. The plea agreement reads, in pertinent part, as follows:

> 1.  If the defendant enters a plea of guilty to Count 1 of the Indictment in Criminal No. 1:97cr24BrR . . . and if he fully cooperates with the Government concerning any illegal activities of which he has knowledge as specified in paragraph 9;
> 2. Thereafter, the United States Attorney will recommend that the Court accept the defendant's pleas of guilty, and, as to sentencing, the Government will do the following:
>> a) Recommend the Court impose a sentence within the lower 25% of the applicable sentencing guidelines range, and recommend that any sentences imposed run concurrently with each other.
>> b) Move to dismiss the remaining counts of the

>     indictment against the defendant.
>     c) The United States reserves the right to inform
>     the Court and the United States Probation Office of
>     all facts pertinent to the sentencing process,
>     including all relevant information concerning the
>     defendant and his background.  It is further
>     understood that the government reserves the right
>     to speak at sentencing concerning the extent of
>     cooperation, if any provided, by defendant prior to
>     sentencing and in response to any possible
>     misstatements by defendant or his counsel regarding
>     either the factual basis for the plea or in
>     mitigation of sentence.
>     . . .

Memorandum of Understanding dated September 8, 1998 (attached as Ex. A to Petition for Writ of Mandamus).  The Court accepted the guilty plea and entered judgment on December 2, 1998, sentencing Love to 130 months of imprisonment.

While incarcerated, Love maintains that he assisted in the federal investigation and prosecution of another person, Christopher Montgomery, who was allegedly involved in illegal narcotics activity.  Petitioner maintains that he provided information to federal agents regarding prior drug-related activities between him and Montgomery, and that he also provided valuable assistance to the prosecution in a number of other forms.  He avers that his assistance in Montgomery's prosecution was "instrumental" in obtaining a guilty plea from that defendant.  See Petition for Writ of Mandamus, at 2.

Love maintains that, pursuant to the plea agreement and subsequent oral modifications, the government is obligated to request a sentence reduction on his behalf for the assistance he

rendered in the Montgomery prosecution.  He requests this Court to enter an order of mandamus requiring the government to file a Rule 35(b) motion detailing that assistance and requesting a sentence reduction.  Petitioner also believes that the government has breached the plea agreement and requests that the Court enter an order compelling specific performance of that agreement.

## DISCUSSION

**I.  Standard for Granting a Writ of Mandamus**

Pursuant to 28 U.S.C. § 1361, a district court is empowered to compel an officer or employee of the United States to perform duties owed to the plaintiff.  Such duties, however, must be clearly delineated and must not involve an "exercise of judgment or discretion."  Dunn-McCambell Royalty Interest, Inc. v. Nat'l Park Serv., 112 F.3d 1283, 1288 (5th Cir. 1997).  "[M]andamus is an extraordinary remedy, not to be granted lightly."  In re Ramu Corp., 903 F.2d 312, 317 (5th Cir. 1990); see also Kerr v. United District Court, 426 U.S. 394, 402 (1976) ("The remedy of mandamus is a drastic one to be invoked only in extraordinary situations."). The party "seeking the writ must carry the burden of proving a 'clear and indisputable' right to it, and its issuance remains within the court's discretion." United States v. Gregory, 656 F.2d 1132, 1136 (5th Cir. 1981) (quoting In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 962 (5th Cir. 1980)). See also United States v. Denson, 603 F.2d 1143, 1148 n.2 (5th Cir. 1979)

("[T]he writ will not issue to correct a duty that is to any degree debatable.").

Therefore, the Court must determine whether the government owes a ministerial duty to Love to request a post-plea sentencing departure on his behalf.

## II.  Does the Government Owe a Duty to Love to Reward his "Substantial Assistance"?

Federal Rule of Criminal Procedure 35(b) provides that the government _may_ request a downward departure in sentencing to reflect a defendant's subsequent substantial assistance. Resentencing is permitted only upon the government's motion under the Rule.[1]  United States v. Early, 27 F.3d 140, 141 (5th Cir. 1994).  Under normal circumstances, it is entirely within the government's discretion to reward substantial assistance.  See United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993). Where, however, the government has agreed to file a Rule 35(b) motion in consideration of a plea agreement, "that discretion is circumscribed by the terms of the agreement."  United States v. Connor, 930 F.2d 1073, 1075 (4th Cir. 1991); see also United States v. Hernandez, 17 F.3d 78, 82 (5th Cir. 1994).

The government correctly points out that the terms of the plea

---

[1] Treatment of post-sentencing departures pursuant to Rule 35(b) is analogous in the Fifth Circuit to treatment of U.S.S.G. § 5K1.1, which governs departures during initial sentencing.  See United States v. Lopez, 26 F.3d 512, 523 (5th Cir. 1994). Therefore, the Court may cite to U.S.S.G. § 5K1.1 precedent as controlling in this case.

agreement, as written, do not obligate the government to file a Rule 35(b) motion on Love's behalf.[2]  See Response of United States, at 2.  In his reply to the government's response, Love agrees that the written agreement does not give rise to such an obligation, but he now contends that the Memorandum of Understanding was verbally amended by the former prosecuting attorney in this case to create an obligation to file the Rule 35(b) motion.[3]  See Petitioner's Reply, at 1-2.  Love requests an evidentiary hearing to establish that such an verbal amendment was made.

The petitioner, however, has failed to show any evidence that the government ever agreed, orally or in writing, to file a Rule 35(b) motion on his behalf.  "A defendant seeking [to compel a Rule 35(b) motion under the terms of a plea agreement] is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a 'substantial threshold showing' that the government was obligated . . . before an

---

[2] The agreement only obligated the government to request a sentencing within the lower 25% of the guideline range for Love's cooperation during his initial sentencing.  Additionally, the government reserved "the right to speak at sentencing concerning the extent of cooperation, if any provided, by defendant prior to sentencing[.]" Memorandum of Understanding, ¶2 (emphasis added). At no place in the agreement is there any indication that the government would ever be obligated to file a post-conviction motion requesting a resentencing for substantial assistance.

[3] Assistant United States Attorney Peter Barrett previously handled this case, but has since retired.  See Response of United States, at 2 n.1.

evidentiary hearing and consideration on the merits are warranted." United States v. Saunders, 226 F. Supp. 2d 796, 799 (E.D. Va. 2002) (citing United States v. Taylor, 1999 WL 30928, at *3 (4th Cir. Jan. 26, 1999); see also Wade v. United States, 504 U.S. 181, 186 (1992) (holding, in the context of an allegation that unconstitutional considerations involving race or religion motivated the government to refuse to honor an agreement to file a Rule 35(b) motion, that a petitioner "has no right to discovery or an evidentiary hearing unless he makes a 'substantial threshold showing.'"). As it is the petitioner's burden in a petition for writ of mandamus to prove that the government owes him a clear and non-discretionary duty, Love must make a substantial threshold showing that such a duty was owed before he would be entitled to an evidentiary hearing. He has not done so in this case.

In United States v. Griffin, No. 05-11155, 2005 WL 2596868 (11th Cir. 2005), the petitioner claimed that federal agents had breached an oral agreement to file a Rule 35(b) motion on his behalf after he rendered substantial assistance to another prosecution. Id. at *1. The court concluded that since the government retained all discretion in determining whether the assistance provided was "substantial" or not, the writ to compel performance was properly denied. Id. This Court sees no reason to distinguish the facts in this case from Griffin. The government is presumed to retain all discretion as to whether or not to file a

Rule 35(b) motion on a prisoner's behalf.  Love has presented no evidence that the government ceded that discretion in this case. Therefore, the petitioner's Petition for Writ of Mandamus or for compelled performance of the plea agreement will be denied.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the defendants' Petition for Writ of Mandamus should be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant's Petition for Writ of Mandamus or Alternatively Motion to Compel [**docket entry no. 30**] is **DENIED**.

SO ORDERED, this the 29th day of November, 2005.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE